**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| DIGITAL VERIFICATION SYSTEMS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2:16-cv-00495-RWS-RSP |
| v. | § | |
| | § | |
| ADOBE SYSTEMS INC., | § | **Jury Trial Demanded** |
| | § | |
| Defendant. | § | |
| | § | |

**ADOBE SYSTEMS INC.'S REPLY BRIEF IN SUPPORT OF**
**ITS MOTION TO TRANSFER VENUE**

## I.       INTRODUCTION

In its opposition to transfer, Plaintiff does not dispute that key factors favor transfer to the Northern District of California, and that Adobe's witnesses, its documentation, and critical third-party witnesses are all in that District.  Further, Plaintiff identifies zero party witnesses, zero third-party witnesses, and zero documents in the Eastern District of Texas.

Plaintiff instead advances two immaterial arguments: (1) that once, five years ago, Adobe did not move for a transfer from this District in another case with a different plaintiff and a different patent; and (2) that one customer of Adobe—a customer that is not accused of infringement and not associated with this case—has an office in Frisco, Texas, among 36 other offices around the country and world and a headquarters in the Northern District of California. These arguments provide no basis to deny transfer, and Adobe respectfully requests that this Court grant its motion.

## II.      ARGUMENT

### A.       Access To Sources Of Proof In The Northern District of California Conclusively Favors Transfer

In opposing transfer, Plaintiff fails to identify any documentary evidence whatsoever in this District.  Plaintiff further does not dispute that approximately 140 Adobe Sign witnesses are located in the Northern District of California, as well as the Adobe Sign source code, technical documentation, marketing materials, and sales and financial information.  (Dkt. No. 13-1, ¶¶  3 5-7.)  Instead, Plaintiff's only rebuttal is that this factor is less important given modern technology.  Plaintiff points to an unpublished decision from 2000 in support of its argument, ignoring that Plaintiff's argument has been subsequently addressed and rejected by both the Fifth Circuit and the Federal Circuit.  *In re Genentech*, 566 F.3d 1338, 1345-46 (Fed. Cir. 2009) (rejecting district court's assertion that a consideration on the location of documents was

"antiquated in the era of electronic storage and transmission."); *In re Volkswagon of America, Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) ("the sources of proof requirement is a meaningful factor in the analysis" despite "advances in copying technology").[1]

**B.     Availability Of Compulsory Process In The Northern District of California Strongly Favors Transfer**

Plaintiff incorrectly asserts that "the most important nonparty witnesses are Adobe's business partners that integrated the Adobe Sign software into their document management systems."  (Dkt. No. 17 at 12-13.)  Plaintiff provides no basis for this assertion, nor is there any reason that Adobe's business partners (*i.e.*, customers) are relevant in any meaningful way in a case in which Plaintiff only asserts direct infringement by Adobe.  (*See, e.g.*, Dkt. No. 1 (Complaint) ¶¶ 12-20.)  Plaintiff does not accuse Adobe's customers of infringement, and its Complaint does not identify an allegedly integrated product between Adobe and its customers. (*Id.*)  Rather, Plaintiff only accuses Adobe and its Adobe Sign software, where the technical documentation and technical witnesses for that software reside in the Northern District of California.  (Dkt. No. 13-1, ¶¶ 4-6.)

Even assuming *arguendo* that Adobe's customers are somehow relevant, which they are not, nearly all of the customers that Plaintiff identified are headquartered in the Northern District of California, including Salesforce (San Francisco, CA), Workday (Pleasanton, CA), Apttus (San Mateo, CA), Dropbox (San Francisco, CA), Box (Redwood City, CA), SAP Ariba (Palo Alto,

---

[1] Plaintiff cites authority that rejects its own assertion that this factor is less important because this case involves electronic documents (*e.g.*, source code), not "bulky physical evidence." *Volkswagon*, 545 F.3d at 316 (rejecting district court's finding that electronic documents render this factor neutral); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320-21 (Fed. Cir. 2008) (same).

CA), Xero (San Francisco, CA).  (Exs.[2] 1-7.)[3]  Plaintiff relies heavily on the fact that one

customer—third-party Workday—has a single office in Frisco, Texas among *thirty-seven*

Workday offices outside of Texas.  (Ex. 2.)  Yet, Plaintiff ignores that Workday's headquarters

are in Pleasanton, California, which is in the Northern District of California (*id.*), and is home to

2,600 Workday employees—nearly half its global workforce.  (Ex. 9.)  Further, Plaintiff does not

identify a single Workday witness in the Frisco office that has knowledge pertinent to this case.

In sum, the location of Workday and the other customers Plaintiff identified (*e.g.*, Salesforce,

Dropbox, etc.), if they are at all relevant to this case, strongly supports transfer to the Northern

District of California, not keeping this case in this District.

Plaintiff does not dispute that important third parties reside in the Northern District of

California, including Mr. Jason Lemkin (founder of EchoSign), Mr. Eran Aloni (former V.P of

Products at EchoSign), Carbon Five witnesses (early contributors to the EchoSign product), and

Mr. Tom Gonser (founder of DocuSign).  As discussed in Adobe's opening papers, these

founders and early contributors could testify that the accused Adobe Sign and DocuSign

products were on sale more than one year before the filing of the patent-in-suit.[4]  None of these

witnesses work at Adobe, none have agreed to help Adobe, and none are likely to be willing to

travel to Marshall to testify before a jury.  Plaintiff's only rebuttal is that some of these third-

party witnesses were previously identified in *RPost Holdings, Inc. et al. v. Adobe Sys. Inc., et al.*,

---

[2] "Exs." refers to the Exhibits to the Declaration of Ryan J. Casamiquela, filed concurrently herewith.

[3] The only exception is Microsoft, headquartered in Redmond, Washington (Ex. 8), which makes the Northern District of California closer and more convenient than this District as well.

[4] As explained in Adobe's opening motion (Dkt. No. 13 at 5-6), both the EchoSign product, which is the legacy product to the accused Adobe Sign product, and the accused DocuSign product had digital signature functionality in 2006 that invalidates the patent-in-suit.  Plaintiff also failed to address these points in its opposition.

2:11-cv-00325 (E.D. Tex.), where Adobe's answer to the complaint in *RPost* did not contest venue in this District.  But, that has nothing to do with whether venue is convenient under 28 U.S.C. § 1404(a).  Adobe's answer in *RPost* relating to permissible jurisdictional grounds is irrelevant to whether venue is convenient for the witnesses in the instant case.

### C.      Cost Of Attendance For Willing Witnesses Undisputedly Favors Transfer

Plaintiff does not address at all the cost of attendance for willing witnesses, despite this being "one of the most important factors."  *GeoTag, Inc. v. Aromatique, Inc. et al.*, No. 2:10-CV-0570, 2013 WL 8349856, at *4 (E.D. Tex. Jan. 14, 2013); *see also Ingeniador, LLC v. Adobe Sys. Inc.*, No. 2:12-CV-00805, 2014 WL 105106, at *3 (E.D. Tex. Jan. 9, 2014) ("The most important factor in this Court's analysis of this case is the cost of attendance for willing witnesses.").  This factor strongly supports transfer.  Plaintiff has not identified any potential witness in the entire state of Texas, and does not dispute that Adobe's witnesses and important third-party witnesses are located in the Northern District of California.  A transfer to the Northern District of California would substantially minimize the burden of attendance at trial for party and nonparty witnesses.  *Genentech*, 566 F.3d at 1344.

### D.      Courts Have Rejected Plaintiff's Theories Of Localized Interest

Plaintiff argues a localized interest by relying on its incorporation "in Texas in May of 2016" and its "business [that] relates to licensing and enforcements of patents in the Eastern District of Texas."  (Dkt. No. 17 at 10.)  Plaintiff admits, however, that its only member Mr. Rothschild "resides in Florida," and further does not dispute it only has a virtual office in this District.  (*Id*. at 4, 10.)  Plaintiff further acknowledges that it has no business activities in Texas other than licensing the patent-in-suit.  (*Id*.)  Having been incorporated just a week before filing suit, and having no permanent office and no members in Texas, Plaintiff has no meaningful connection to this District.  *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

Plaintiff also advances a theory of localized interest based on nationwide use of an accused product that, by virtue of widespread use, also occurs in this District.  But, claiming that a product is available in the district—where the product is available nationwide—"eviscerates the public interest that this factor attempts to capture."  *Volkswagen*, 545 F.3d at 318; *TS Tech*, 551 F.3d at 1321 ("assemblies were sold throughout the United States, and thus the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue.").

While Plaintiff advances unsupported theories of localized interest in this District, Plaintiff does not dispute that the Northern District of California has a high localized interest given Adobe has had its headquarters in that District since its founding in 1982.

### E.    Other Practical And Administrative Considerations Support Transfer

Plaintiff does not provide any practical or administrative reasons why this Court should not grant transfer.  It is undisputed that this case is in its infancy, that this Court has had no specific familiarity with the patent-in-suit, and that no other judicial efficiency applies.  Further, Plaintiff acknowledged that the Northern District of California has a relatively fast time to disposition and fast time to trial as compared with national averages.

## III.    CONCLUSION

For the foregoing reasons and for the reasons in Adobe's opening motion, Adobe respectfully requests that this Court transfer this case to the Northern District of California.


Dated:  September 16, 2016                      Respectfully Submitted,

                                               By: */s/ Michael A. Berta, with permission by*
                                               *Michael E. Jones*
                                               Michael A. Berta
                                               michael.berta@aporter.com

Ryan J. Casamiquela
ryan.casamiquela@aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Tel:     415-471-3100
Fax:    415-471-3400

Michael E. Jones
SBN: 10929400
POTTER MINTON, PC
110 North College, Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

**ATTORNEYS FOR DEFENDANT
ADOBE SYSTEMS INC.**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 16, 2016.


*/s/ Michael E. Jones*